■ CEFERINO GEIGEL, Respondent, v. HARRY LIEBOVITS et al., Appellants.— Judgment in favor of plaintiff in the sum of $10,185, reversed, on the law and on the facts, the verdict vacated and a new trial granted, with $50 costs to appellants, unless plaintiff stipulates to accept $2,500 in lieu of the award by verdict, in which event the judgment is modified to that extent, and, as so modified, affirmed, with $50 costs to appellants. In this personal injury action the jury verdict is excessive in its award of damages and a verdict in excess of $2,500 is not warranted by the record. (*Geigel* v. *Leibowitz*, 19 A D 2d 590.) The evidence produced by plaintiff falls short of establishing permanent injury and disability causally related to the accident. Concur — Rabin, McNally and Steuer, JJ.; Breitel, J. P., and Bastow, J., dissent and vote to affirm. Settle order on notice.

■ DIANE HOFFMAN, Respondent, v. PLAYMATES OF MIAMI, INC., et al., Appellants.— Order, entered May 28, 1964, denying defendants' motion pursuant to CPLR 3211 (subd. [a], par. 7) to dismiss the second cause of action in the complaint on the ground that it fails to state a cause of action, unanimously reversed, on the law, with $30 costs and disbursements to defendants-appellants against plaintiff-respondent, and the motion granted, with $10 costs. Neither the allegations of the complaint nor the supporting affidavit submitted pursuant to CPLR 3211 (subd. [c]) establish that the alleged representation of expectation with respect to a future event was then known to be false. The falsity is inferred solely from the failure of the event to occur. This is not enough. (See 24 N. Y. Jur., Fraud and Deceit, §§ 50–57, but especially § 57.) Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ.

■ JET AGE KNITWEAR MACHINERY CORP., as Assignee of MORRIS KAPLAN and Another, Respondent, v. MORRIS PHILIP, Individually and Doing business under the Name of PHILIP KNITTING MILLS, Appellant.— Order, entered on July 10, 1964, denying defendant Philip's motion to dismiss the complaint against "Philip Knitting Mills" and for alternative relief, unanimously modified, on the law, to delete all directions from the order except the denial of the motion, and the order, as so modified, affirmed, without costs to any party. The motion must have been denied (or dismissed) because the alleged partnership was not a party to the action, was not named as a partnership entity in the complaint, and the motion was not made by it. It was not proper to amend the caption or the allegations of the pleading to include the partnership as a party. If plaintiff claims any rights against the partnership, he must first obtain leave of the court on proper papers to add the partnership as a party, amend the caption, add appropriate allegations in the pleading, and to serve or reserve a partner in that capacity. The description in the caption and complaint of defendant Philip as doing business under a certain style is not equivalent to including the partnership entity, although the style happens to coincide with the name of the partnership. In consequence, there is nothing in the caption or pleading which relates to the partnership. Concur — Breitel, J. P., Valente, McNally, Stevens and Eager, JJ.