Soileppi, J.
Plaintiffs Stottler and Sepinski and decedent Pedersen were employed on a barge and crane anchored in the Hudson River which was being used in the construction of concrete supports for the B eacon-Newburgh Bridge in Orange County. Their duties included the maintenance and operation of the barge and equipment which was owned by one of the members of the joint venture employer, Snare-Dravo, which was acting as an independent contractor in the construction of the bridge.
On August 15, 1962 the three men were injured when part of the crane on the barge broke causing them to be thrown into the river. Stottler and Sepinski suffered injuries and Pedersen was killed. Plaintiffs applied for, and after hearings, were granted workmen’s compensation benefits.[1]
In May, 1963 plaintiffs commenced the instant action against the Frederick Snare Corporation and the Dravo Corporation, respondents herein, and others, not here involved, seeking damages for the personal injuries sustained by Edward Sepinski and Russell Stottler and for pain and suffering and wrongful death of Karl Pedersen allegedly caused by respondents’ negligence or by the unseaworthiness of ,the vessel. Respondents *416 moved for summary judgment and for dismissal of the complaint on the grounds that plaintiffs failed to make out causes of action under the Jones Act[2], or general maritime law, and that plaintiffs by their active participation in the workmen’s compensation proceedings and their acceptance of the benefits awarded pursuant thereto waived any rights they may have had. The trial court denied respondents ’ motion; the Appellate Division reversed and granted the motion on the ground that: “ Plaintiffs, having moved in workmen’s compensation, actively participating in the hearings therein until an award was made, have effectively compromised their claim and waived any right to proceed against their employers in this action (Dacus v. Spin-Nes Realty & Constr. Co., 29 A D 2d 32; Workmen’s Compensation Law, § 113; cf. Williams v. Hartshorn, 296 N. Y. 49).”
It is our opinion that plaintiffs have stated sufficient facts to make out causes of action and that the determination of the Appellate Division that the plaintiffs have, as a matter of law, waived their maritime rights is erroneous.
It has been well established in the Federal jurisdictions that the mere acceptance of workmen’s compensation benefits will not bar subsequent Federal maritime actions for the same occurrence unless there is an express waiver (Reed v. The Taka, 373 U. S. 410; Czaplicki v. The Hoegh Silvercloud, 351 U. S. 525; Lawrence v. Norfolk Dredging Co., 194 F. Supp. 484, affd. 319 F. 2d 805; cert. den. 375 U. S. 952). The issue of waiver arises as a result of the language in section 113 of the New York Workmen’s Compensation Law, which provides, in relevant part, that: “ awards * * * may be made by the board in respect of injuries subject to the admiralty or other federal laws in case the claimant, the employer and the insurance carrier waive their admiralty * * * rights and remedies ”.
The reversal below rested squarely on the Appellate Division opinion in Dacus v. Spin-Nes Realty & Constr. Co. (29 A D 2d 32) in which the court stated, without reservation, that: "Section 113 of the Workmen’s Compensation Law provides that, if both employer and employee agree to submit the matter to the Workmen’s Compensation Board, the latter may accept jurisdiction. If the parties so submit and continue without objection to the *417 jurisdiction until an award is made and paid, this constitutes a compromise of the claim ”. (29 AD 2d, at p. 34.)
Following the Appellate Division reversal in the instant case, we reversed Dacus and declared that the issue of whether a recipient of workmen’s compensation benefits has waived his Federal maritime rights is a question of fact, and that section 113 may not be imposed upon compensation claimants unless there is an express waiver of maritime rights (Dacus v. Spin-Nes Realty Constr. Co., 22 N Y 2d 427). However, we stated in Dacus (p. 430) that acceptance of payments “ over a period of years ” could be a waiver but Dacus is not a case in which the employee accepted compensation benefits without informing the employer of the possibility of litigation in the courts. Since this action was commenced only nine months after the accident, it is clear that claimants did not accept compensation payments for a protracted period. However, respondents allege that the plaintiffs concealed their intentions to bring maritime actions and that Dacus does not apply to such a situation. Whether the plaintiffs concealed their intentions to sue the respondents, as alleged, or whether they gave actual notice of the future lawsuit, as plaintiffs allege, is a question of fact for the jury to determine and, therefore, summary judgment should not have been granted. Plaintiffs should have the opportunity to present the issue of waiver at a trial—including any relevant documents evidencing their intention not to waive their right to other relief—■ along with the other factual issues of the case.
Respondents’ additional contention that .the complaints fail to state facts sufficient to constitute causes of action for negligence under the Jones Act or for breach of the warranty of seaworthiness under the general maritime law is without merit. By section 688 of title 46 of the United States Code, popularly known as the Jones Act, Congress sought to create a cause of action by which injured seamen could obtain relief (Pure Oil Co. v. Suarez, 384 U. S. 202). This statute, in relevant part, states:
‘ ‘ § 688. Recovery for injury to or death of seaman.
‘ ‘ Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury * * * and in case of the death of any seaman as a result of any such personal *418 injury the personal representative of such seaman may maintain an action for .damages at law with the right of trial by jury
In addition to the employer’s obligation of due care, owners have also traditionally been obligated to maintain seaworthy vessels, and if defects in the hull, equipment, or structure cause injury to a seaman the owner will be liable for breach of the warranty of seaworthiness where, of course, no proof of negligence is required (Riley v. Agwilines, Inc., 296 N. Y. 402; Seas Shipping Co. v. Sieracki, 328 U. S. 85). Plaintiffs, in their pleadings, allege violations of these obligations. The complaints of the three plaintiffs contain the following, or similar language: ‘[1] Upon information and belief, said Derrick #156, at the times referred to herein, was a vessel in navigable waters in the Hudson River, and the negligence of the owners and operators of said vessel and its crane and appurtenances and/or the unseaworthiness of said vessel and crane, their appliances and appurtenances, caused and/or contributed to the accident described herein, and his resulting injuries and death, for all of which damages are sought from the responsible defendant or defendants under this cause of action. ’ ’
In addition, the complaints recite factual allegations concerning: the nature of the accident; the relationship between the parties; and the nature of respondents’ interest in the barge and crane. Clearly plaintiffs state sufficient facts in their complaints to put defendants on notice of the acts they were alleged to have committed. The mere fact that plaintiffs failed to specifically allege a violation of the Jones Act or maritime law is not fatal to the complaints (Mullen v. Fits Simons & Connell Dredge & Dock Co., 172 F. 2d 601, cert. den. 337 U. S. 959; Dowski v. Merritt, Chapman & Scott Corp., 65 N. Y. S. 2d 890, affd. 271 App. Div. 874).
Respondents also argue that plaintiffs are not entitled to recover under the Jones Act or for breach of warranty because they were not seamen and the vessel was not in navigation at the time of the accident. Here, again, the issues raised by these allegations are questions of fact which depend largely upon the particular circumstances of the case (Desper v. Starved Rock Ferry Co., 342 U. S. 187) and since these facts have not been clearly established they cannot be the basis of a summary judgment *419 (Taylor v. Central R. R. Co. of N. J., 9 A D 2d 101; see Summerlin v. Massman Constr. Co., 199 F. 2d 715).
Respondents further argue that a breach of warranty of seaworthiness does not give rise to a cause of action for wrongful death and that since the Pedersen complaint fails to state a cause of action under the Jones Act, it fails to state any grounds upon which a wrongful death award could be made. There is no merit to this contention for, as discussed above, the Pedersen complaint does state a Jones Act cause of action based upon negligence and it is evident from the language of that statute that damages for wrongful death of a seaman caused by negligence may be recovered pursuant thereto (see Lindgren v. United States, 281 U. S. 38).
Respondents also contend that an action based on the Jones Act must be brought against the employer, and since plaintiffs were not employees of the individual respondents but of SnareDravo the respondents were not proper party defendants. We find no merit to this contention. The legal consequences of a joint venture are almost identical with that of a partnership (Hardin v. Robinson, 178 App. Div. 724, affd. 223 N. Y. 651; Ross v. Willett, 76 Hun 211; Harrington v. Sorelle, 313 F. 2d 10). When a tort is committed by the firm, the wrong is imputable to all of the partners jointly and severally, and an action may be brought against all or any of them in their individual capacities (Partnership Law, §§ 24-26; Sugarman, Partnership [4th ed.], § 198) or against the partnership as an entity (CPLR 1025).
The order of the Appellate Division should be reversed and that of the Supreme Court, New York County, which denied defendants’ motion for summary judgment should be reinstated.
Chief Judge Fuld and Judges Burke, Bergan, Breitbl, Jasen and Gibson concur.
Order reversed, with costs, and case remitted to Special Term for further proceedings in accordance with the opinion herein.

. Except Stottler whose compensation case was closed pending the outcome of this litigation.

. Section 688 of title 46 of the United States Code.