BLOOMFIELD MECHANICAL CON-
TRACTING, INC., and Bloomfield-
Blumin, a joint venture, Petitioners,

v.

The OCCUPATIONAL SAFETY AND
HEALTH REVIEW COMMISSION,
and Peter J. Brennan, Secretary of
Labor, Respondents.

No. 74–1485.

United States Court of Appeals,
Third Circuit.

Argued Feb. 28, 1975.

Decided Aug. 11, 1975.

Lum, Biunno & Tompkins, Newark, N. J., for petitioners; Ronald H. De Maria, Dominick A. Mazzagetti, David A. Birch, Newark, N. J., on the brief.

Rex Lee, Asst. Atty. Gen., Stephen F. Eilperin, Neil H. Koslowe, Attys. Civ. Div., Appellate Section, Dept. of Justice, Washington, D. C., for respondent, Peter J. Brennan, Secretary of Labor.

Before VAN DUSEN, GIBBONS and HUNTER, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

Bloomfield Mechanical Contracting, Inc. and Bloomfield-Blumin Joint Venture petition pursuant to § 11(a) of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 660(a), to review and set aside a final order of the Occupational Safety and Health Commission affirming citations and proposed penalties issued by the Secretary of Labor for violations of the Act. The fact of violation was not disputed before the Commission nor is it in dispute upon review here. The petitioners challenge the Commission action on account of procedural deficiencies which they contend deprived it of jurisdiction, and because of alleged constitutional deficiencies in OSHA.

Upon review of the final order and decision, we remand to the Commission for further consideration of the procedural challenges raised by the joint venture. In addition, we hold that no order should have been entered against Bloomfield Mechanical Contracting, Inc. We also find that the constitutional challenges to OSHA, to the extent that either petitioner has standing to raise them, are controlled by the en banc decision of this court in *Frank Irey, Jr., Inc. v. Occupational Safety and Health Review Commission*, No. 73–1765 (3d Cir., July 24, 1975), or are insubstantial. Thus we affirm the Commission's order to the extent that it rejects the joint venture's constitutional challenges.

## I. THE PROCEDURAL CHALLENGES.

On May 1, 1972 Bloomfield Mechanical Contracting, Inc., a New Jersey plumbing contractor, entered into a joint venture with Blumin & Associates, Inc., a New York plumbing contractor. The joint venture was named "Bloomfield-Blumin Joint Venture." For purposes of

convenience we will hereafter refer to Bloomfield Mechanical Contracting, Inc. as "Bloomfield," to Blumin & Associates, Inc. as "Blumin," and to Bloomfield-Blumin Joint Venture as "the joint venture." On the same day as the joint venture agreement was executed, the joint venture entered into a plumbing installation contract with Valentine Electric Company, a subcontractor at the construction site of the Castleton Park Apartments in Staten Island. (App. at 69a).

On November 21, 1972 an inspector from the Occupational Safety and Health Administration of the Department of Labor visited the Castleton Park site and found two serious and two non-serious violations of OSHA safety regulations. 29 CFR §§ 1926.500(b)(1) & (d)(1); 29 CFR § 1926.25(a); 29 CFR § 1926.500(e)(1)(iii). As a result of the inspection, on December 19, 1972 the Secretary of Labor issued citations and a notification of proposed penalties in the name of Bloomfield, and mailed them to Bloomfield in care of its President, Anthony Deland. §§ 9(a), 10(a), 29 U.S.C. §§ 658(a), 659(a). (App. at 3a–8a). On December 26, 1972, Deland, on behalf of Bloomfield, acknowledged receipt of the citations and notification and advised the Occupational Safety and Health Administration that Bloomfield intended to contest them. (App. at 9a).

On January 10, 1973 the Secretary filed with the Commission a formal complaint against Bloomfield alleging the violations and requesting affirmance of the citations and proposed penalties. § 10(c), 29 U.S.C. § 659(c). (App. at 10a–14a). Bloomfield answered the complaint on January 24, 1973. The answer admitted that it was engaged in construction activities at Castleton Park, but denied that it was responsible for the violations which it attributed to others over whom it had no control. It also challenged the Act on various constitutional grounds. The answer made no specific reference to the joint venture. (App. at 15a–19a). Three months later, on April 6, 1973, when the Commission

assigned the case to an administrative law judge for hearing, counsel for Bloomfield for the first time advised the Secretary and the Commission that the workmen performing the plumbing work at the Castleton Park site were not employed by Bloomfield, but by the joint venture. (App. at 20a). Bloomfield moved to file an amended answer withdrawing its admission that it was engaged in construction at the site. (App. at 21a–26a). The administrative law judge granted this motion without objection by the Secretary. Bloomfield then moved to dismiss the Secretary's complaint on the ground that it was not an employer at the site.

At a hearing on May 3, 1973 the administrative law judge ruled that Bloomfield was the party to be served for the joint venture (App. at 106a, and granted the Secretary's motion to amend the complaint by adding the joint venture as a party respondent. (App. at 99a, 103a). On June 6, 1973 the Secretary filed an amended complaint naming as respondents Bloomfield individually and doing business as a joint venture, and the joint venture individually. (App. at 29a–34a). However, on June 7, 1973 the administrative law judge apparently had second thoughts about the previous ruling, for he notified the parties that it would be modified to the extent that a special hearing would be held solely on the question of jurisdiction. (Government's Addendum to Brief at 1b). At the conclusion of this hearing, which was held on July 18, 1973 the administrative law judge ruled:

"I adhere to my original ruling with one exception.

Instead of adding the party of the joint venture, I—the name should be changed to that other joint venture.

Now do I hear a motion to that effect?" (App. at 119a–20a).

The Secretary so moved, and the motion was granted. The administrative law judge pointed out that "[a]ll I am doing is adhering to it [the previous ruling] and wiping out Bloomfield." (App. at

121a). Thus as of July 18, 1973 Bloomfield was out of the case or at least believed it was.

The attorney for the joint venture (who is also the attorney for Bloomfield) at this point raised procedural objections to the amended complaint which present the main issues now confronting us. He objected that the Secretary had not issued the citation in the name of the employer who allegedly violated the Act, § 9(a), 29 U.S.C. § 658(a); that the notice of proposed penalty had not been addressed to the employer who allegedly violated the Act, § 10(a), 29 U.S.C. § 659(a); and that no citation had been issued against that employer within the six month limitation period following the alleged violation. § 9(c), 29 U.S.C. § 658(c). (App. at 121a–22a). The administrative law judge overruled counsel's objections to the amendment of the complaint. (App. at 123a).

Although the July 18, 1973 rulings permitted the Secretary to file a second amended complaint he did not do so, possibly in the belief that the administrative law judge's ruling was self-executing. After further correspondence with the administrative law judge, the joint venture on August 9, 1973 filed an answer to the Secretary's June 6, 1973 amended complaint in which it admitted that it was an employer on the site, objected to the jurisdiction of the Commission on the procedural grounds referred to above, and pleaded the same constitutional objections to OSHA as had been pleaded earlier by Bloomfield. (App. at 38a–43a). Since there never was any dispute that the violations occurred, on January 7, 1974 the Secretary and the joint venture filed a stipulation establishing (1) that the employees at the site were employed by the joint venture, (2) that the violations described in the citations occurred, and (3) that if the Act were to be applied to the joint venture the classification of the violations as serious and nonserious was correct and the proposed penalties appropriate. (App. at 44a–46a). Thus the effect of the stipulation was to present for decision the joint venture's legal objections.

On January 9, 1974 the Secretary moved for an order affirming the citations and proposed penalties. § 10(c), 29 U.S.C. § 659(c). In a decision filed on February 19, 1974 the administrative law judge rejected all procedural and constitutional challenges. With respect to the procedural challenges he ruled:

"I find that either the joint venture or Bloomfield Mechanical Contracting, Inc. may be held responsible for the payment of the penalties, and the Citations are to be utilized against the records of both, Bloomfield-Blumin, the joint venture and against Bloomfield Mechanical Contracting, Inc., one of the joint adventurers, for use in future actions under the Occupational Safety and Health Act." (App. at 67a).

His order affirmed the citations and the proposed penalties against both Bloomfield and/or the joint venture. (App. at 67a). The petitioners then filed a petition for discretionary review by the Commission. When no Commissioner directed review, the administrative law judge's order became final on March 21, 1974. 29 U.S.C. § 661(i). The instant petition to review and set aside the order followed. 29 U.S.C. § 660(a).

### A. *The Bloomfield Petition*

█ The government's brief makes this concession:

"Although the record is not entirely free from ambiguity on the matter (compare App. 119a–123a with App. 35a–37a), it does appear that the Commission, on the Secretary's motion, dismissed Bloomfield Mechanical as a named respondent. Therefore, the order of the Commission should have been entered only against Bloomfield-Blumin Joint Venture. . . ." (Government Brief at 11 n. 8).

Our only disagreement is the reference to ambiguity. On July 18, 1973 the administrative law judge unequivocally dismissed Bloomfield from the proceedings. The February 19, 1974 order (made without the benefit of a brief either from Bloomfield or from the Secretary) is sim-

ply inexplicable. The government argues:

"Practically speaking, however, it makes no difference since a wrong committed by a joint venture is imputable to the members of the joint venture jointly and severally. *Pedersen v. Manitowoc Co.*, 25 N.Y.2d 412, 306 N.Y.S.2d 903, 255 N.E.2d 146 (1969)." (Government Brief at 11 n. 8).

Practically speaking it makes all the difference in the world, because the individual liability of the joint venturers for the civil penalties assessed would only arise if the joint venture did not pay. That is an unlikely event which would arise only after the Secretary sued in the district court to collect an unpaid penalty. 29 U.S.C. § 666(k). But the effect of the ex parte entry of the order affirming the citation against Bloomfield is to place the violation on record against it as an employer for use in determining the level of civil penalties with respect to possible future violations. 29 U.S.C. § 666(*i*). In view of the Secretary's stipulation that the joint venture, not Bloomfield, was the employer on the site, and the unequivocal dismissal of Bloomfield from the Commission proceedings, the entry of an order against Bloomfield was wholly unwarranted and will be set aside.[1]

### B. *The Joint Venture Petition*

Section 9 of OSHA, 29 U.S.C. § 758 provides in pertinent part:

"(a) If, upon inspection or investigation, the Secretary . . . believes that an employer has violated a requirement of [the Act] . . . he shall with reasonable promptness issue a citation to the employer. . . .

. . . . .

(c) No citation may be issued under this section after the expiration of six months following the occurrence of any violation."

There is no question that a joint venture is an employer within the meaning of the Act. The term "employer" means a "person" engaged in a business affecting commerce, § 3(5), 29 U.S.C. § 652(5), and "[t]he term 'person' means one or more individuals, partnerships, associations, corporations, business trusts, legal representatives, or any organized group of persons." § 3(4), 29 U.S.C. § 652(4). Thus there is no question that the Secretary could have issued a citation to the joint venture, which was the actual employer on the site and which was so identified by a sign posted there.

The government argues that service of the citations and notices of proposed penalties on one member of the joint venture was sufficient service of process on the joint venture; especially so when that service was on Bloomfield, which under the terms of the joint venture agreement had primary managerial responsibility. We agree, and if the citations and notice had named the joint venture, the inquiry could end here. But it is quite clear from the Secretary's pleadings that he intended to cite Bloomfield, not the joint venture. This is not a case in which notice and process were served on the joint venture through one of its members, or a case of a misnomer, when the proper party was served but misidentified. When the citations and notice were served, and even when the complaint was filed with the Commission, the Secretary was unaware that a joint venture was the employer on the site. It was not until April 6, 1973 that the Secretary was made aware of this fact.

The violations charged took place on November 21, 1972. The time within which a citation could have been issued to the proper employer was May 21, 1973. 29 U.S.C. § 658(c). The May 3, 1973 ruling which granted the Secretary's motion for leave to amend the complaint was made, then, before the

---

1. We emphasize that the dismissal of the complaint against Bloomfield by the administrative law judge is the basis of setting aside this order. We do not decide whether in an appropriate case, participants in a joint venture might be held liable for violations of the Act by such joint venture when individually cited for actions by the joint venture.

running of the six month statute of limitations. But the Secretary did not, prior to May 21, 1973, either issue a new citation, file an amended citation, or file an amended complaint. The amended complaint was not filed until June 6, 1973, and even then the citation was not amended.

It is the citation which serves as the statutory vehicle for notice of the violation, 29 U.S.C. § 658(a), and it is the notice of proposed penalty which serves as the process which triggers the penalty enforcement mechanism. 29 U.S.C. § 659(a) & (b). Provision for the issuance of a complaint is not even expressly mentioned in the statute. See 29 U.S.C. § 659(c). The complaint procedure is a creature of administrative regulation, 29 CFR § 2200.33, and the regulations recognize the necessity for amending the citation. 29 CFR § 2200.-33(3). In this case, the Secretary failed to amend the complaint until the statute of limitations had run, and failed to amend the citation at any time. Thus we conclude that no service of the process contemplated by the Act was made upon the joint venture within the period permitted by 29 U.S.C. § 658(c).

The Secretary urges that by answering the June 6, 1974 amended complaint, the joint venture waived the jurisdictional defect of failure to timely serve a citation on it, but it is clear that at all times from May 3, 1973 forward, counsel for the joint venture took steps to preserve his jurisdictional defense. Moreover since the Secretary could have taken appropriate steps to serve the proper employer between April 6, 1973 and May 21, 1973, but neglected to do so, there is no basis for any assertion that one member of the joint venture misled the enforcement agency so as to cause a tolling of the running of the statute of limitations. Thus there is no basis for an estoppel against the joint venture from pleading the statutory bar.

There is, however, one possible approach which might justify a conclusion by the Commission that the joint venture had been timely served. Section 12(g) of the Act, 29 U.S.C. § 661(f) provides in pertinent part:

"The Commission is authorized to make such rules as are necessary for the orderly transaction of its proceedings. Unless the Commission has adopted a different rule, its proceedings shall be in accordance with the Federal Rules of Civil Procedure."

Pursuant to § 661(f), the Commission has promulgated 29 CFR § 2200.2(b), which provides:

"In the absence of a specific provision, procedure shall be in accordance with the Federal Rules of Civil Procedure."

Rule 15(c), Fed.R.Civ.P., deals with the relation back of amendments, and provides in part:

"An amendment changing the party against whom a claim is asserted relates back if . . . within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

The purpose of the rule is to ameliorate the effect of a statute of limitations where the plaintiff has sued the wrong party but where the right party has had adequate notice of the institution of the action. See 6 C. Wright & A. Miller, Federal Practice and Procedure §§ 1497–1500, at 489–523 (1971). There is certainly a strong likelihood that the Commission would find such identity of interest between Bloomfield and the joint venture that notice to the former would be attributed to the latter. But the administrative law judge did not purport to apply Rule 15(c), and we are not advised of the Commission's position with respect to the extent of its applicability to Commission proceedings. Moreover we do not know whether, assuming ap-

plicability of the rule, the Commission would apply it in a case where the Secretary (1) had notice of the jurisdictional defect before the statute of limitations ran, (2) filed the amended complaint after the statute ran, and (3) never amended the citation.

Finally, there are procedural difficulties in the application of Rule 15(c) in the OSHA context because of the split in the administrative process between the Department of Labor and the Commission. Relation back may not overcome the difficulty if the joint venture lost the opportunity to negotiate with the Secretary for a mutually satisfactory disposition prior to the filing of the complaint. These are all matters upon which the Commission should pass in the first instance. Therefore the order against the joint venture will be set aside and the proceeding remanded to the Commission for a determination as to whether pursuant to Rule 15(c), the Commission would permit an amendment substituting the joint venture as a party to relate back to the date of the original citation.

## II. THE CONSTITUTIONAL CHALLENGES.

■ The joint venture urges that the civil penalty provisions of OSHA (1) are inconsistent with the sixth amendment jury trial guaranty in criminal cases, and (2) are inconsistent with the seventh amendment jury trial guaranty in civil cases. Identical contentions were rejected by an en banc majority of this court in *Frank Irey, Jr., Inc. v. Occupational Safety and Health Review Commission, supra.* Although I continue to adhere to my dissent in that case on the applicability of the seventh amendment to OSHA penalty proceedings, this panel is bound by that en banc decision.

■ Petitioner also urges that the delegation to the Secretary of the power to make rules with respect to safe and healthful working conditions is unconstitutionally vague and standardless. We have upheld the Secretary's rule-making authority in a number of cases. *E. g., Frank Irey, Jr., Inc. v. Occupational Safety and Health Review Commission,* 519 F.2d 1200 (3d Cir. 1974) (panel opinion); *Synthetic Organic Chemical Mfrs. Ass'n v. Brennan,* 506 F.2d 385 (3d Cir. 1974); *Synthetic Organic Chemical Mfrs. Ass'n v. Brennan,* 503 F.2d 1155 (3d Cir. 1974), cert. denied, 420 U.S. 973, 95 S.Ct. 1396, 43 L.Ed.2d 653 (1975); *Dry Color Mfrs. Ass'n, Inc. v. Department of Labor,* 486 F.2d 98 (3d Cir. 1973).

■ Finally, the joint venture contends that the Commission order should be set aside because it is based upon evidence obtained in a search which violated the fourth amendment. Whatever merit this contention would have in view of *United States v. Biswell,* 406 U.S. 311, 92 S.Ct. 1593, 32 L.Ed.2d 87 (1972), *Camara v. Municipal Court,* 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967), and *See v. City of Seattle,* 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1967), the joint venture has no standing to raise it since any expectation of privacy at the Castleton Park Apartments site was that of the owner.

Thus we affirm the Commission order to the extent that it rejects the petitioners' constitutional challenges to OSHA.

## CONCLUSION

The Commission's order of March 21, 1974 will be set aside insofar as it is directed against Bloomfield. The order will be set aside and the proceedings remanded to the Commission with respect to the joint venture for a determination as to whether pursuant to Rule 15(c), Fed.R.Civ.P., the Commission would permit an amendment by substituting the joint venture as a party to relate back to the date of the original citation. The Commission's rejection of petitioners' constitutional challenges is affirmed.