OPINION OF THE COURT
Sidney Leviss, J.
This is a posttrial motion for judgment against defendants Joseph Antenucci and Jose Pena, in the sum of $4,000,000 (CPLR 4404).
Daniel Zuckerman, an infant, by his mother and natural guardian, Elaine Zuckerman, and Elaine Zuckerman, individually, brought a medical malpractice action against Dr. Joseph Antenucci and Dr. Jose Pena. Both had treated the mother during pregnancy. Although the summons did not state that the two defendants were partners, the undisputed, unopposed and uncontradicted evidence at the trial established that relationship, and that the alleged acts of malpractice were done in the course of partnership business. The jury returned a verdict finding that defendant Pena was guilty of malpractice, but defendant Antenucci was not guilty of malpractice. The amount of the verdict totaled $4,000,000.
The issue is whether this court has jurisdiction to render a judgment against defendant Antenucci on the basis of a tort committed by his partner, even though the summons served did not designate defendant Antenucci as a partner. Defendant Antenucci relies upon Jet Age Knitwear Mach. *972 Corp. v Philip (22 AD2d 674), where the Appellate Division, First Department, held that the description in the caption and complaint of a defendant as doing business under the name of a partnership was not sufficient to confer jurisdiction over the partnership as an entity. Connell v Hayden (83 AD2d 30), a medical malpractice case decided by the Appellate Division, Second Department, is also noteworthy. There, the court held that in the absence of an apparent misdescription or misnomer on the process, “a summons which named and which was served only upon an individual could not be amended so as to substitute an unnamed corporation through which the named party conducted his business”. (Connell v Hayden, supra, p 36.) The court found that the summons served on the individual was insufficient to confer jurisdiction over the professional corporation through which he conducted business.
However, Jet Age Knitwear Mach. Corp. v Philip (supra) and Connell v Hayden (supra) are of no aid to defendant Antenucci. A party may be sued individually and directly for the tort of his partner. (See Caplan v Caplan, 268 NY 445; Beane, Essentials of Partnership Law, p 62.) A partnership is liable for the tortious act of a partner, and a partner is jointly and severally liable for tortious acts chargeable to the partnership. (Partnership Law, §§ 24, 26.)
“Thus, if a partner, while acting in the course of the partnership business injures a third person, such third person would have the right to sue all of the partners together in one lawsuit, or any one or all of the partners individually, including even one who did not cause the injury”. (Beane, Essentials of Partnership Law, p 63.)
“If it is a joint and several obligation of the partnership (based on a tort), any one (or some or all) of the individual partners may be sued personally without suing the partnership itself”. (Beane, Essentials of Partnership Law, p 62; emphasis added.)
“When a tort is committed by the firm, the wrong is imputable to all of the partners jointly and severally, and an action may be brought against all or any of them in their individual capacities * * * or against the partnership *973 as an entity”. (Pedersen v Manitowoc Co., 25 NY2d 412, 419.)
To illustrate how a plaintiff may proceed where a tort is chargeable to a partnership, Professor Beane supposes a partnership, the ABC Shoe Store, composed of Able, Baker, and Charles. A customer, Mrs. Jones, who is injured by Kit, an employee of the partnership, may elect to sue in several different ways: “For example, Mrs. Jones may commence an action listing as defendants: ‘Able, Baker, and Charles individually and as partners, doing business under the name of ABC Shoe Store’; or she could commence an action listing ‘ABC Shoe Store’ as the defendant; or she could sue any of the individual partners directly (without naming the partnership) as they are each jointly and severally liable for the tort. Therefore, she could commence an action against ‘Able’ or she could commence an action against ‘Able and Baker’, or against ‘Able and Charles’, or ‘Baker and Charles’. Since a person is liable for one’s own tort, Mrs. Jones could also sue Kit, the employee; Kit could be named as a defendant in any of the preceding suggested actions.” (Beane, Essentials of Partnership Law, p 63.)
It may thus be seen that the plaintiffs herein did not have to sue a partnership entity and did not have to write “Joseph Antenucci, a partner” on the summons in order to hold him liable on a partnership theory for the act of defendant Pena. Jurisdiction over defendant Antenucci individually is sufficient for a judgment against him based on a tort committed" by his partner.
Therefore, even though the jury found that defendant Antenucci was not guilty of any malpractice in his treatment of the patient, but that defendant Pena (his partner) was guilty of malpractice in his treatment of the patient, they were then both jointly and severally liable for the malpractice committed by defendant Pena by operation of law.
Accordingly, plaintiffs’ motion is granted and plaintiffs are entitled to judgment against defendant Joseph Antenucci and Jose Pena in the amount of $4,000,000 as a matter of law.