Edward **BENVENUTO**, et al., Plaintiffs,

v.

Philip **TAUBMAN**, Defendant.

No. CV 88–0788.

United States District Court,
E.D. New York.

July 13, 1988.

150

Gerald V. Dandeneau, Melville, N.Y., for plaintiffs.

Kase & Druker by Paula Schwartz Frome, Garden City, N.Y., for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiffs bring this action as trustees of an employee benefit welfare plan (the "Plan") to recover for alleged violations of the Employee Retirement Income Security Act ("ERISA"). Recovery is sought from Philip Taubman ("Taubman") an individual partner in the now-defunct law firm of Schneider & Taubman (the "Firm") for acts committed by the Firm and its partners in connection with a pre-paid legal services program purchased by former trustees of the Plan with the Plan's assets (the "Fund"). The services contracted for were allegedly for the benefit of the members of the Allied International Union (the "Union")—sponsors of the Plan.

## I. BACKGROUND

This is not the first time that the factual scenario presented by this action is before this Court. In three previously ruled-upon consolidated cases—*Whitfield v. Tomasso*, 682 F.Supp. 1287 (E.D.N.Y.1988); *Brown v. Tomasso*, CV 84–2634 and *Benvenuto v. Schneider*, CV 85–1664 (the "Consolidated Cases")—the Court conducted a bench trial to its conclusion and became fully familiar with all of the facts and circumstances surrounding the administration of the Fund at issue here.

Although the Consolidated Cases dealt with a variety of fraudulent activities engaged in by plaintiffs' predecessors, this action deals only with the ERISA violations of the Firm as found by this Court in the Consolidated Cases. Specifically, this Court found that in April of 1981 the Plan entered into a contract with the Firm to provide legal services for members of the Union. The contract between the Plan and the Firm lasted until November 15, 1982. Pursuant to the contract the Firm was paid $20,000 per month plus an additional $20,000 at the inception. *See Whitfield*, 682 F.Supp. at 1300. Over the 15½ month period that the contract between the plan and the Firm was in effect the Firm was paid a total of $330,000.

After examining the Union members' actual utilization of the Firm's services and hearing expert testimony on the usual rate of compensation for prepaid legal services, this Court held that the Firm was overpaid in the amount of $292,800. *See Benvenuto v. Schneider*, CV 85–1664 at ¶¶ 4–17. As a consequence of this overpayment the Court found that the trustees who hired the Firm breached the fiduciary obligations imposed by ERISA and held them liable under that statute. The Court further found that the Firm and Irwin Schneider were parties in interest as defined in § 3(14)(B) of ERISA and were, therefore, subject to the Court's findings pursuant to 29 U.S.C. § 1132(a)(3). *Id.* at ¶ 4. The Court then held that the Firm, and Irwin Schneider individually, participated with the trustee defendants in breach of the trustees' fiduciary duties. Consequently, the Court held the Firm and Irwin Schneider liable, jointly and severally with the trustees, to the Plan in the amount of $292,800 plus interest at the pre-judgment rate of interest at the adjusted prime rate set by the Secretary of the Treasury pursuant to 26 U.S.C. §§ 6621, 6622. The Court noted that Philip Taubman, the defendant here, was not named in the Consolidated Cases, *see id.* at ¶ 9, and therefore rendered no conclusions of law against Taubman. Apparently, it was the failure to name Taubman in the Consolidated Cases that led to the commencement of this action.

## II. THE PRESENT LAWSUIT AGAINST TAUBMAN

Although the complaint in this lawsuit is anything but a model of clarity, it appears that the plaintiff-trustees are seeking to hold Taubman liable to the Plan to the same extent as the Court has previously found the Firm and Irwin Schneider to be liable. Federal jurisdiction is predicated on both the federal question statute and principles of pendent jurisdiction. While it is clear that plaintiffs' federal claim is stated pursuant to ERISA, the common-law claims under the laws of New York are somewhat unclear. Since plaintiffs' papers submitted in opposition to the present motion have repeatedly disavowed the notion

that this is a breach of contract claim, the Court construes plaintiffs' pendent state claims as claims for fraud and breach of fiduciary duty. In any event, the relief sought by plaintiffs is clear. They seek a holding that Taubman, as a former partner in the Firm, is jointly and severally liable to the Plan to the same extent as the Firm and Irwin Schneider have been previously found, *i.e.*, in the amount of $292,800. Finally, plaintiffs seek payment of a reasonable attorneys' fee pursuant to Section 502(g)(1) of ERISA.

## III. THE MOTION TO DISMISS

Defendant moves to dismiss on two grounds. First, it is argued that plaintiffs' failure to name Taubman as a party defendant in the Consolidated Cases makes it impossible to enforce the judgment in those cases against Taubman. Second, it is argued that plaintiffs' ERISA claim is barred by the statute of limitations. The Court will consider defendant's first ground and then turn to the statute of limitations defense.

### A. *Enforceability of the Judgment Holding the Firm and Irwin Schneider Liable Against Philip Taubman*

As noted above, plaintiffs have previously secured a judgment holding both the Firm and Irwin Schneider as an individual liable for violations of ERISA. That judgment, reflecting the amount that this Court determined the Firm to have overcharged the Plan for the prepaid legal services program, is in the amount of $292,800 plus statutory interest.

Defendant's argument against enforceability of the earlier judgment is two-fold. First, defendant argues that the failure to name Taubman individually in the earlier action makes it impossible to enforce the first judgment against him. Second, defendant argues that Taubman was an indispensible party to the earlier action and plaintiffs' failure to name him renders the first judgment "defective" and non-enforceable against Taubman. Plaintiffs, on the other hand, argue that Taubman was not an indispensible party to the earlier action

and that under principles of partnership law Taubman is jointly and severally liable to plaintiffs under the judgment in the first case. While there are certain elements of merit to each parties' position, neither have accurately and completely stated the law as it applies here.

Before ruling on the merits the Court will outline the general principles of partnership law applicable to this lawsuit. First, it is without question that partners are jointly and severally liable for the wrongful acts or omissions of any partner. *See* N.Y.Ptnrship L. § 24 (McKinney 1983); *see, e.g., Northwestern Nat'l Bank of Minneapolis v. Fox & Co.,* 102 F.R.D. 507, 512 (S.D.N.Y.1984); *Pedersen v. Manitowoc Co.,* 25 N.Y.2d 412, 306 N.Y.S.2d 903, 909, 255 N.E.2d 146, 150 (1969); *Zuckerman v. Antenucci,* 124 Misc.2d 971, 478 N.Y.S.2d 578, 579–80 (Queens Cty.1984). Such liability attaches for any wrongful act committed by a partner "acting in the ordinary course of the business of the partnership." N.Y.Ptnrship L. § 24. The liability of any partner is limited to wrongful acts occurring "while the defendant was a partner", *Halperin v. Edwards and Hanly,* 430 F.Supp. 121, 125 (E.D.N.Y.1977). Thus, before a defendant may be found liable for the acts of his partners it must be found: (1) that the partner committed the acts at issue in the ordinary course of the business of the partnership and (2) that the defendant was a partner at the time the acts were committed.

Because the nature of their liability is joint and several, it has been held that a partner is not an indispensible party in an action naming other partners or the partnership as parties defendant. *See Cone Mills Corp. v. Hurdle,* 369 F.Supp. 426, 438 (N.D.Miss.1974) (holding that all partners are not indispensible parties defendant where state law provides for partners' joint and several liability). Instead, it has been held that a plaintiff may name either the partnership and/or any individual partner in a lawsuit seeking recovery for torts committed in the course of the partnership business. *See Zuckerman,* 478 N.Y.S.2d at 580.

■ Although, as noted above, a partner is jointly and severally liable for the acts of his partners, there are certain limits to the extent to which a judgment against a partnership can be enforced. Specifically, where less than all partners are named, the execution of any judgment secured is limited to partnership property and the individual property of partners named and summoned. *Martinoff v. Triboro Roofing Co.,* 228 N.Y.S.2d 139, 142 (N.Y.Cty.1962); *Harrison Nat'l Bank v. Lion Varnish Works, Inc.,* 97 N.Y.S.2d 71, 74 (N.Y.County 1950). Thus, while a partner's liability may be conclusively established by a prior adjudication as to the liability of his partner, the plaintiff in the first lawsuit will not be able to execute judgment against an unnamed partner's *individual* property.

■ Applying these principles to the present case leads the Court to conclude that Taubman was not an indispensible party to the action brought against the Firm and Schneider. The Court further concludes that if plaintiffs can show that the acts for which the Firm and Schneider were found liable were committed in the course of the partnership business while Taubman was a partner, Taubman will be held jointly and severally liable to the same extent as the Firm and Irwin Schneider have previously been found. Plaintiffs' failure to name Taubman in the earlier judgment, however, makes it impossible to execute the earlier judgment against Taubman's individual property. Such execution can only be had by the rendering of a judgment against Taubman in an action where he has been served. The Court now turns to consider the question of the timeliness of this action.

### B. *Statute of Limitations*

#### i. General Principles

The statute of limitations applicable to actions brought pursuant to ERISA is found in 29 U.S.C. § 1113. Depending upon certain circumstances discussed more fully below, that section provides that an action alleging a violation of ERISA must

be commenced within either a six or three-year period.

The six-year period begins to run on the date of the "last action which constituted a part of the breach or violation" or in the case of an omission, on the latest date on which the fiduciary could have cured the breach or violation. 29 U.S.C. § 1113(a)(1). The statute provides a different triggering of the six-year period in cases of "fraud or concealment." In such cases, an action is deemed timely if commenced within six years of the date of discovery of the breach or violation. *Id.*

The six-year statute of limitations applies unless the plaintiff had actual knowledge of the breach or violation. If such knowledge is present, the statute provides for a three year limitations period that begins to run as of the date on which the plaintiff acquires the knowledge. 29 U.S.C. § 1113(a)(2). In cases of ERISA violations, it has been held that the knowledge necessary to trigger the three-year period is not mere knowledge of the activity later claimed to be fraudulent, nor speculation that "something is awry" but "specific knowledge of the actual breach of duty upon which [plaintiff later] sues." *Brock v. Nellis*, 809 F.2d 753, 755 (11th Cir.), *cert. dismissed sub nom.*, — U.S. —, 108 S.Ct. 33, 97 L.Ed.2d 821 (1987).

ii. Timeliness of this Lawsuit

■ As noted above, the pre-paid legal services contract between the Firm and the Plan commenced on August 1, 1981 and lasted until November 15, 1982. This lawsuit was commenced by service of a complaint on March 21, 1988. Assuming application of the six-year period, the "last action constituting part of the breach or violation" or discovery of the "fraud or concealment" would have to have occurred no earlier than March 21, 1982—approximately eight months prior to expiration of the contract between the Firm and the Plan. Assuming application of the three-year "actual knowledge" period, such knowledge would have to have occurred no earlier than March 21, 1985 for the present action to be timely. Put simply, in order to se-cure dismissal defendant will have to show either: (1) that the last act constituting the ERISA violation occurred prior to March 21, 1982; or (2) if this is deemed to be a "fraud or concealment" case, that plaintiffs discovered the fraud or concealment prior to March 21, 1982; or (3) that plaintiffs acquired actual knowledge of the ERISA violation prior to March 21, 1985.

Defendant argues that the latest date that plaintiffs could have become aware of Taubman's illegal conduct was November 15, 1982—the termination date of the contract. Since, according to plaintiffs, such knowledge would trigger the three-year statute of limitations, defendant argues that this lawsuit is untimely.

Plaintiffs, on the other hand, argue in favor of application of the six-year period and state that this action must be timely since the contract terminated less than six years prior to commencement of this action. In addition, plaintiffs take the position that this action is timely even if the three year statute of limitations applies. Relying on the *Nellis* Court's language referred to above, plaintiffs argue that mere knowledge of the activity now claimed to be fraudulent is not enough to trigger the running of the three-year period. Instead, it is argued that the statute's three-year period does not begin to run until a plaintiff has actual notice of a breach or violation. Plaintiffs claim to have acquired such knowledge no earlier than May 1985, when they commenced the lawsuit against the Firm and Schneider individually. Thus, plaintiffs argue that their claim is timely.

While the filing of the earlier lawsuit makes it clear to this Court that, at some point, plaintiffs acquired the knowledge necessary to trigger the running of the three-year statute of limitations, the Court cannot discern, in the context of this motion to dismiss, the *specific date* upon which plaintiffs acquired such knowledge. Accordingly, the Court is in no position to determine whether plaintiffs' ERISA claim against Taubman is untimely. The Court notes, however, that after a hearing defendant may very well be in a position to prove that plaintiffs' claims against Taubman are untimely. In the context of this motion to dismiss, however, the Court

holds that a decision on this issue would be premature. As soon as the parties are prepared to engage in a hearing to finally determine the merits of Taubman's statute of limitations defense, they are directed to contact the Court to schedule the hearing. At the present time, however, the motion to dismiss for failure to comply with the statute of limitations must be denied.

### C. CONCLUSION

The Court holds that the presence of factual questions precludes finding, at this juncture, that Taubman is jointly and severally liable for the acts of the Firm and Schneider as previously held by this Court. Similarly, the Court holds that questions of fact exist precluding a final decision on the question of whether this action is time-barred. The parties are to contact the Court to schedule a hearing to determine whether this action is time-barred and whether Schneider's illegal actions in connection with the prepaid legal services program were undertaken in the ordinary course of the Firm's business while Taubman was a partner in the Firm.

SO ORDERED.