896 F.Supp. 104 (1995)
NATIONWIDE MUTUAL INSURANCE COMPANY and Nationwide Mutual Fire Insurance Company, Plaintiffs,
v.
Steven KAUFMAN, Myron Kaufman, The Estate of Harold Basser, and Basser-Kaufman, Inc., Defendants.
No. 94-CV-3954 (TCP).
United States District Court, E.D. New York.
August 9, 1995.
*105 James E. Kennedy, Annapolis, MD, for plaintiffs.
Lawrence & Walsh, P.C., by Samuel H. Golden, Hempstead, NY, for defendants.

ORDER
PLATT, District Judge.
On June 26, 1995, Magistrate Judge Viktor V. Pohorelsky issued a Report and Recommendation in which he determined that the defendants herein were properly served and that, as a result, this Court has personal jurisdiction over them. Because Magistrate Judge Pohorelsky's findings are in accordance with applicable law, his Report and Recommendation is hereby affirmed.

BACKGROUND
The defendants moved this Court to dismiss the action against them for lack of personal jurisdiction on the grounds that they were not properly served with the complaint and summons. On April 17, 1995, Magistrate Judge Pohorelsky held a traverse hearing with respect to the issue of service. The evidence at that hearing established that, on November 18, 1994, a process server with eighteen (18) years of experience in that *106 capacity, delivered copies of the summons and complaint to the business premises of defendant Basser-Kaufman, Inc. These are also the business premises of the individual defendants, Myron and Steven Kaufman.
The evidence at the hearing also demonstrated that the plaintiffs' process server gave the legal documents to Kevin McCabe, the Comptroller of Basser-Kaufman, Inc. The defendants contended, however, that: (1) the plaintiffs did not identify with sufficient particularity the individual to whom the papers were delivered; and (2) Mr. McCabe was not a person of suitable age and discretion to accept service under Rule 308.2 of New York's Civil Practice Law.
At the conclusion of the hearing, Magistrate Judge Pohorelsky determined that the recipient of the service was, indeed, Mr. McCabe and that the defendants' argument on the issue of identification was "frivolous." Report and Recommendation (June 26, 1995) at 4. Additionally, Magistrate Pohorelsky determined that the process server told McCabe, who is an adult co-worker of defendants Myron and Steven Kaufman, that he had papers to serve on Basser-Kaufman, Inc. and McCabe accepted those papers. Thus, Magistrate Pohorelsky concluded that the process server reasonably believed McCabe to be a "managing agent" of Basser-Kaufman, Inc. within the meaning of Section 311 of New York's Civil Practice Law.
In light of these findings, Magistrate Judge Pohorelsky issued a Report and Recommendation on June 26, 1995, wherein he determined that the defendants were properly served and that this Court has jurisdiction over them. On June 30, 1995, the defendants objected to this Report and Recommendation by arguing that the plaintiffs did not demonstrate that McCabe had the authority to bind the corporate defendant. Thus, the defendants contended that the Court should not deem McCabe to be a managing agent.
This Court agrees with Magistrate Judge Pohorelsky that McCabe need not actually have been a managing agent to make the service proper.[1] Rather, "where a process server is led to believe, by employees of the defendant corporation, that he or she is serving papers upon a managing agent of that corporation or other person authorized to accept service, the service will be deemed valid if that belief is reasonable." Report and Recommendation at 6 (citing Gammon v. Advanced Fertility Servs., P.C., 189 A.D.2d 561, 592 N.Y.S.2d 23, 23 (1st Dept.1993)).
In this case, the process server approached a building which bore the defendants' names. When he informed the receptionist therein that he had legal papers to serve upon the defendants, the receptionist summoned McCabe who accepted the papers. Thus, this Court agrees with Magistrate Pohorelsky that the process server's belief that McCabe was either a managing agent or was authorized to accept service for Basser-Kaufman, Inc. was reasonable under the circumstances.

CONCLUSION
For the reasons stated above, Magistrate Judge Pohorelsky's Report and Recommendation is hereby affirmed.
SO ORDERED.

REPORT AND RECOMMENDATION AND MEMORANDUM ORDER
POHORELSKY, United States Magistrate Judge.
This case is before the court on defendants' application to dismiss this action against all defendants for lack of personal jurisdiction, and on plaintiffs' motion to amend the caption to add a party's name. A factual hearing was held on April 17, 1995 concerning the jurisdictional issue, followed by the submission of memoranda of law.[1]

*107 BACKGROUND
In this breach of contract action, plaintiffs seek payment of insurance premiums allegedly owed by the defendants for policies issued by plaintiffs. As one of their defenses, defendants have challenged personal jurisdiction on the ground that none of the defendants were properly served. Plaintiffs for their part contend that proper service was made on Steven Kaufman, Myron L. Kaufman, Basser-Kaufman Inc., and on a partnership known as Basser-Kaufman Co.[2]
The evidence at the hearing established that on November 18, 1994, John Lewis, a process server with some 18 years of experience, delivered copies of summonses and the complaint at an office building at 335 Central Avenue in Lawrence, New York. Mr. Lewis testified that a sign at the building bore the name of an entity known as "Basser-Kaufman," and the parties have stipulated that the building was, at the time of service, the actual place of business of the individual defendants and of the entities Basser-Kaufman, Inc. and Basser-Kaufman Co. Mr. Lewis entered the building and was met by a receptionist, who directed him to a man later identified as Kevin McCabe, the comptroller of Basser-Kaufman, Inc. Mr. Lewis gave Mr. McCabe the copies of the summonses and complaint for Myron Kaufman, Steven Kaufman, Basser-Kaufman Inc., and the Estate of Harold Basser.

DISCUSSION

Service on Defendants Myron Kaufman and Steven Kaufman
Plaintiffs assert that proper service was made on the individual defendants pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, which provides that service may be made in accordance with the law of the state in which the district court is located. Rule 308.2 of New York's Civil Practice Law provides that service on an individual may be made by delivering the summons to a person of suitable age and discretion at the defendant's actual place of business and mailing a copy of the summons to the defendant's actual place of business.[3] Defendants do not dispute that 335 Central Avenue is the actual place of business of Myron and Steven Kaufman, nor do they contest the plaintiffs' assertion that a proper mailing was made. Rather they argue that plaintiffs have not identified with sufficient particularity the individual to whom the papers were delivered, and have not met their burden of establishing that the individual was a person of suitable age and discretion.
The only case cited by either party on the "suitable age and discretion" issue is City of New York v. Chemical Bank, 122 Misc.2d 104, 470 N.Y.S.2d 280, 285 (Sup.Ct. N.Y.Cty.1983). According to the court in City of New York, "The person to whom delivery is made must objectively be of sufficient maturity, understanding, and responsibility under the circumstances so as to be reasonably likely to convey the summons to the defendant." Using this standard, courts in New York have routinely held that service upon an adult co-worker or employee is proper. See, e.g., Oxhandler v. Sekhar, 88 A.D.2d 817, 451 N.Y.S.2d 100 (1st Dep't 1982); Matter of Betzler v. Carey, 109 Misc.2d 881, 441 N.Y.S.2d 206, aff'd, 91 A.D.2d 1116, 458 N.Y.S.2d 338 (N.Y.Sup.Ct.1981).
In the instant case, the process server approached a building which bore the defendants' names, informed the receptionist that he had legal papers to serve on the defendants, and Mr. McCabe was summoned. The plaintiffs have established that Mr. McCabe was an adult employee and co-worker *108 of Myron and Steven Kaufman, and that he was summoned by the receptionist when the process server announced that he had legal papers to serve. Defendants, on the other hand, have introduced no evidence to show that Mr. McCabe was of limited understanding, or had a remote relationship to the defendants. Defendants did introduce evidence that the process server made no attempt to ascertain whether Myron or Steven Kaufman were on the premises, but Section 308.2 does not by its terms require such an inquiry and defendants have cited no authority indicating that such an inquiry is necessary.
Defendants' argument on the identification issue is frivolous. They point out that the affidavits of service list the person to whom the summonses and complaint were delivered as "Kevin Cabe," and provide a description of "Cabe" which indicates that he was wearing glasses. At the hearing, Kevin McCabe was identified as the individual who received the summons, and McCabe, who also testified, conceded that point. McCabe also conceded that the physical description provided in the affidavits met his own description except that he wore glasses only when he was driving, not while he was at work.
Defendants do not cite a single case that addresses the issue of proper physical identification. Even putting aside McCabe's concession, the accuracy of the general physical description provided in the affidavits of Mr. Lewis, and the similarity of the names "Cabe" and "McCabe," left no doubt that "McCabe" and "Cabe" were one and the same person. That is more than enough to satisfy the identification requirement.
Accordingly, the undersigned finds that Myron Kaufman and Steven Kaufman were properly served.

Service on Basser-Kaufman Inc.
Plaintiffs have asserted that proper service on the corporation "Basser-Kaufman Inc.," was made under Rule 4(h) of the Federal Rules of Civil Procedure and Section 311 of New York's Civil Practice Law and Rules. Section 311 permits personal service on a corporation to be made by delivering the summons "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y.Civ.Prac.L. & R. § 311 (McKinney 1990) (emphasis added). They argue, first, that Mr. McCabe was a managing agent of the corporation, second, that the process server properly relied on the receptionist to correctly identify the proper person to accept service and finally, that both Myron and Steven Kaufman are officers of the corporation and that service upon them is sufficient service on the corporation.[4] Defendants counter that Mr. McCabe was not authorized to except service, and was not a managing agent within the meaning of the Federal Rules or the New York Civil Practice Law.
The New York Court of Appeals has long defined the term "managing agent" to mean a person who has been "invested by the corporation with general powers involving the exercise of judgment and discretion" and not as an employee "who acts in an inferior capacity and under the direction and control of superior authority, both in regard to the extent of his duty and the manner of executing it." Taylor v. Granite State Provident Assn., 136 N.Y. 343, 346, 32 N.E. 992 (1893). Mr. McCabe testified that he was limited in his authority to a particular set of duties, that he was not authorized to act for the corporation in a managerial capacity, and that he received supervisory direction from the Kaufmans. The plaintiffs did not effectively counter that evidence.
Both federal and state courts, however, have recognized the superior knowledge of corporate employees as to a corporation's internal structure. See, Central Savannah River Area Resource Dev. Agency, Inc. v. White Eagle International Inc., 117 Misc.2d 338, 458 N.Y.S.2d 167, 169 (Sup.Ct. 1983); Breene v. Guardsmark, Inc., 680 F.Supp. 88, 90-91 (S.D.N.Y.1987). The law *109 does not require that the process server make a factually accurate determination of the status of the person who is served, but rather that service be "made in a manner which, viewed objectively, was calculated to give the corporate defendants fair notice of the legal proceedings against them." Carlin v. Crum & Forster Insurance Company, 170 A.D.2d 251, 565 N.Y.S.2d 519, 520 (1st Dept. 1991). Where a process server is led to believe, by employees of the defendant corporation, that he is serving papers on a managing agent of that corporation or other person authorized to accept service, service will be deemed valid if that belief is reasonable. Gammon v. Advanced Fertility Servs., P.C., 189 A.D.2d 561, 592 N.Y.S.2d 23, 23 (1st Dept.1993).
In the instant case, both parties have agreed that Mr. Lewis approached the receptionist, informed her that he had papers to serve on Basser-Kaufman Inc., and that Mr. McCabe was summoned. McCabe and Lewis disagreed on whether Lewis asked McCabe if he was authorized to accept service  Lewis testifying that he did, McCabe testifying that Lewis did not. Both agreed, however, that at the very least, Mr. Lewis told Mr. McCabe that he had papers to serve on Basser-Kaufman Inc., and Mr. McCabe accepted those papers. In these circumstances, the court finds that service on Basser-Kaufman, Inc. was properly made.

Service on the Basser-Kaufman Partnership
The defendants' entire argument regarding service on the Basser-Kaufman partnership is that, since the partnership was not named in the caption, it is not a party to this action. Although Rule 10(a) of the Federal Rules of Civil Procedure requires that every party to an action be named in the complaint's caption, the caption itself is normally not determinative of the identity of the parties or of the pleader's statement of claim. Prisco v. State of New York, 804 F.Supp. 518, 521 (S.D.N.Y.1992); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1321 (2d ed. 1990). Where a party has actual notice of a suit and is correctly identified in the body of the complaint, courts have typically held that an error in the caption is a technical defect. E.g., Blanchard v. Terry & Wright, Inc., 331 F.2d 467, 469 (6th Cir.1964). Rather, the caption, pleadings, service of process and other indications of the intent of the pleader, are evidence upon which a district court will decide, in cases of doubt, whether an entity has properly been made a party to a lawsuit. Jones v. Griffith, 870 F.2d 1363, 1365 (7th Cir.1989). In reviewing these indicia of intent, the court should be guided by whether a reasonably knowledgeable layperson could conclude, from the circumstances, that he or she had been made a party to a lawsuit. Cf. Greenwood v. Ross, 778 F.2d 448, 452 (8th Cir.1985) (board of trustees of university charged with knowledge that university was not a suable entity and therefore that lawsuit naming the university was intended as an action against the board).
In this case, the indicia of intent are too scanty to justify a finding that the Basser-Kaufman partnership has properly been made a party to this action. As plaintiffs themselves point out in their memorandum, New York law recognizes a distinction, for litigation purposes, between partners and the partnerships of which they are members. Thus, at least in tort actions, a claimant may sue either the partners or the partnership or both. E.g., Zuckerman v. Antenucci, 124 Misc.2d 971, 478 N.Y.S.2d 578, 580 (1984); Benvenuto v. Taubman, 690 F.Supp. 149, 152 (E.D.N.Y.1988).
With that legal principle as a backdrop, there is very little evidence that plaintiffs intended, at the time they instituted this action, to make the partnership entity, as distinguished from the individual partners, a party to this case. They did not name the partnership in the caption of the complaint, nor is the partnership identified as a defendant in the body of the complaint. None of the summonses bear the name of the partnership, and no affidavit of service was ever filed stating that service on the partnership had been made. When service was made, the process server identified each party that he was serving, but made no mention of the partnership.
The complaint refers to the partnership in but one paragraph, a paragraph which identifies Myron and Steven Kaufman, as well as *110 the Estate of Harold Basser, as partners in Basser-Kaufman, and specifically names the three partners as defendants. Complaint ¶ 3. Although the paragraph goes on to state that the three partners "are sued in their individual and representative capacities," id., there is no mention that the partnership itself is being sued. In these circumstances, there is virtually no basis on which the court can conclude that the plaintiffs intended to name the partnership as a party, or that the other defendants could reasonably have believed that the partnership was being sued. Accordingly, the court finds that the partnership has not been made a party to this action.

Plaintiffs' Motion to Amend the Caption
Plaintiffs' motion to amend the caption to add the name of the partnership known as Basser-Kaufman Co. as a defendant is granted. Until service is made on the partnership, however, it is not a party to this action. Plaintiffs have thirty days within which to serve the summons and complaint on Basser-Kaufman Co., and to file proof of service with the court.
By permitting this amendment and service, the court ventures no opinion on the sufficiency of the complaint as against the partnership, the effect of the amendment and service on any statute of limitations issues, or the extent to which the partnership is ultimately liable for any damages awarded in this action whether or not it is separately named as a party. Decisions, if any, on those matters must await subsequent proceedings.

CONCLUSION
For the foregoing reasons, the undersigned reports and recommends that service on Myron Kaufman, Steven Kaufman, and Basser-Kaufman, Inc. has been properly made and that this court has personal jurisdiction over each of them. The court further reports and recommends that service was not made on the partnership known as Basser-Kaufman Co., and that it is not a party to this action.
Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within 10 days of the date of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. 28 U.S.C. § 636(b)(1); Fed. R.Civ.P. 72(b); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir.1993); Frank v. Johnson, 968 F.2d 298 (2d Cir.) cert. denied, ___ U.S. ___, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); Small v. Secretary of Health and Human Serv., 892 F.2d 15, 16 (2d Cir.1989) (per curiam).
The plaintiffs' motion to amend the caption as set forth above is granted, and plaintiffs have thirty days to serve the partnership with a summons and the complaint with the amended caption.
SO ORDERED.
NOTES
[1] As Magistrate Judge Pohorelsky wrote in his Report and Recommendation: "The law does not require that the process server make a factually accurate determination of the status of the person who is served, but rather that service be `made in a manner which viewed objectively, was calculated to give the corporate defendants fair notice of the legal proceedings against them.'" Report and Recommendation (June 26, 1995) at 6 (quoting Carlin v. Crum & Forster Insurance Company, 170 A.D.2d 251, 565 N.Y.S.2d 519, 520 (1st Dept.1991)).
[1] On the procedural question, this decision constitutes the order of the court, while on the jurisdictional question, because it is potentially dispositive, this decision is a report and recommendation.
[2] Plaintiffs have conceded that service on the Estate of Harold Basser was not properly made. Plaintiffs' Supplemental Memorandum at 1.
[3] Section 308 of the Civil Practice Law and Rules provides, in pertinent part, as follows:

Personal service upon a natural person shall be made by any of the following methods:
. . . . .
2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business ... of the person to be served and ... by mailing the summons by first class mail to the person to be served at his or her actual place of business ...
[4] This last argument, that service on the Kaufmans effected service on the corporation, is without merit. Whether or not the Kaufmans are the proper parties to accept service on behalf of the corporation, actual delivery was not made on either of them, and the New York Civil Practice Law makes no provision for substituted service on corporate representatives.