Thomas PRISCO and Filomena Prisco, Plaintiffs,

v.

The STATE OF NEW YORK; New York State Department of Environmental Conservation; Thomas C. Jorling, as Commissioner of the New York State Department of Environmental Conservation; State of New York Organized Crime Task Force; Ronald Goldstock, as Director of State of New York Organized Crime Task Force; John W. Murray and William E. Bubenicek, as employees of Division of Law Enforcement, Bureau of Environmental Conservation Investigation, New York State Department of Environmental Conservation; New York State Police; Thomas A. Constantine, as Superintendent of New York State Police; Lloyd F. Ward, as an employee of the New York State Police; James LaBate; Angelo Anthony Calvello; A–1 Carting, Inc.; A–1 Compaction Corp.; A–1 Compaction, Inc.; Greene Refuse Service; A & D Carting Corp.; A.F.C. Transfer, Inc. a/k/a A.F.C. Transfer Corp.; A.F.C. Container Service, Inc.; A.F.C. Carting, Inc.; A & M Bros., Inc.; American Disposal Services, Inc.; Black Meadow Construction, Inc.; John Dan-

na & Sons, Inc.; Gunhill Trucking, Ltd.; Suburban Carting Corp.; Tri–State Trucking Corp., and other, if any, waste depositors who entered plaintiffs' property, whose names are presently unknown, Defendants.

No. 91 Civ. 3990 (RLC).

United States District Court, S.D. New York.

Sept. 3, 1992.

Reardon & Sclafani, Yonkers (Michael V. Sclafani of counsel), for plaintiffs.

Robert Abrams Atty. Gen. Environmental Protection Bureau, New York City (Stuart Miller, Gregory J. Nolan, of counsel), for defendants.

ROBERT L. CARTER, District Judge.

Plaintiffs Thomas and Filomena Prisco own land in Putnam County, New York, that has been contaminated with hazardous waste. In this action they have sued the

State of New York, its Department of Environmental Conservation, various other state agencies, officials, and private companies, to recover for damages to their property and to enjoin all the defendants to restore the property to a safe condition. The case is before the court on plaintiffs' motion to disqualify the Attorney General's office from representing two of the state officials, and on the summary judgment motion of the state defendants.[1]

The controversy centers around the Prisco's land in Patterson, New York, where a landfill was operated for several months in 1987 and 1988. Plaintiffs claim that in August, 1987, they were approached by defendants William Bubenicek, who represented himself as a law enforcement officer for the New York State Department of Environmental Conservation ("NYDEC"), and Lloyd Ward, a New York State Police Officer. Bubenicek and Ward sought to establish a construction and demolition landfill on the plaintiffs' property, to be run by NYDEC. Plaintiffs assert that they agreed to allow the landfill on their property, and that Bubenicek and Ward operated the landfill facility on plaintiffs' property, allegedly on behalf of and with the authorization of defendant NYDEC.

Plaintiffs further assert that NYDEC, in conjunction with the New York Organized Crime Task Force ("OCTF") and the other state defendants, was actually engaged in a "sting" operation on the property in an attempt to gain information about the waste hauling industry in the area. During this sting operation, the private corporate defendants, allegedly at the direction of the state defendants, deposited hazardous waste materials on plaintiffs' property. These hazardous wastes polluted the soil and water on plaintiffs' property, and this lawsuit followed.

## I. PLAINTIFFS' MOTION TO DISQUALIFY ATTORNEY GENERAL'S OFFICE

Plaintiffs seek to disqualify the Attorney General's office from representing Bubeni-

cek and Ward in this action because of a conflict between the officers' interests on the one hand and those of the other state defendants on the other. Plaintiffs argue that, given this conflict, the Attorney General's office cannot represent all the state defendants consistent with its ethical obligations under Canons Five and Nine of the ABA Code of Professional Responsibility. While plaintiffs have indeed identified a conflict, it involves non-parties to this action, and accordingly does not require disqualification of the Attorney General's office.

The allegedly significant conflict arises because of directly opposing arguments that would likely be advanced by the state defendants and Bubenicek and Ward as individual defendants to this action. The central controversy in this case concerns whether Bubenicek and Ward took the alleged actions on the Prisco property as individuals or as agents of the state. If Bubenicek and Ward were acting as individuals, the state will likely escape liability for the damages they allegedly caused to plaintiffs' property. If, however, their actions were taken within the scope of their employment or are otherwise attributable to the state, the state will be liable for the damages and recovery effort. Accordingly, the state has an incentive to argue that Bubenicek and Ward did not act with authorization from the state, and that their actions do not give rise to state liability. Bubenicek and Ward, on the other hand, have an incentive to argue that the actions they took at the Prisco site were within the scope of their employment and/or were attributable to the state. *See Dunton v. County of Suffolk*, 729 F.2d 903, 906–07 (2d Cir.1984) (discussing conflicting incentives and disqualification in this context). This conflict, in plaintiffs' view, requires disqualification of the Attorney General from representing both Bubenicek and Ward and the other state defendants.

---

1. The "state defendants" include the State of New York, the Department of Environmental Conservation, the Organized Crime Task Force, the New York State Police, and state officials

Thomas C. Jorling, Ronald Goldstock, John M. Murray, William E. Bubenicek, Thomas A. Constantine, and Lloyd F. Ward.

Plaintiffs fail to distinguish, however, between conflicts involving Bubenicek and Ward in their individual capacities and those involving the officers in their official capacities. These two defendants will be personally liable for the damage inflicted on plaintiffs' property, and the conflict plaintiffs point to will indeed exist, if Bubenicek and Ward are joined in the suit in their individual capacities. Where a public official is sued solely in his official capacity, however, no such conflict can exist, because only one type of liability is alleged. *See Katz v. Morgenthau,* 709 F.Supp. 1219, 1229 (S.D.N.Y.1989) (Motley, J.) ("a conflict of interest does not exist where only the liability of the government entity by whom the [public official] is employed is at issue.").

The capacity in which Bubenicek and Ward have been sued in this case is therefore crucial to plaintiffs' disqualification motion. While the court has previously expressed its view that Bubenicek and Ward have been sued only in their official capacities in this litigation, *see Prisco v. State of New York, et al.,* No. 91 Civ. 3990, Apr. 22, 1992, slip op. at 16, 1992 WL 88165, the following more thorough investigation of the issue is warranted given plaintiffs' motion. The Supreme Court has explained the distinction between official and individual or personal capacity suits as follows:

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity.

*Kentucky v. Graham,* 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985) (citations omitted). The Court further noted that, "[i]n many cases, the complaint will not clearly specify whether officials are sued personally, in their official capacities, or both. 'The course of proceedings' in such cases typically will indicate the nature of the liability sought to be imposed." *Id.* at 167 n. 14, 105 S.Ct. at 3105 n. 14 (quoting *Brandon v. Holt,* 469 U.S. 464, 469, 105 S.Ct. 873, 876, 83 L.Ed.2d 878 (1985)).

In this case, however, the complaint is quite clear that Bubenicek and Ward have been sued only in their official capacities. Both the caption of the complaint and the allegations contained in its body support this conclusion. While the caption is not normally determinative of the identity of the parties or the pleader's statement of claim, *see Greenwood v. Ross,* 778 F.2d 448, 452 (8th Cir.1985); 5 Charles A. Wright and Arthur R. Miller, Federal Practice & Procedure, § 1321 (2d ed. 1990), it nevertheless is helpful in this and many other cases. Here, the caption names as defendants "WILLIAM E. BUBENICEK, as employee[ ] of Division of Law Enforcement, Bureau of Environmental Conservation Investigation, New York State Department of Environmental Conservation" and "LLOYD F. WARD, as an employee of the New York State Police." These allegations clearly invoke the official positions of Bubenicek and Ward, leaving out their individual capacities.

Further evidence of the official nature of the suit against Bubenicek and Ward is found in the body of the amended complaint, which reads as follows:

¶ 13 The defendant, WILLIAM E. BUBENICEK, ... *was an employee of the defendant STATE* and a law enforcement officer with the Division of Law Enforcement, Bureau of Environmental Conservation Investigation of the defendant NYDEC.

¶ 14 Defendant, WILLIAM E. BUBENICEK, *on behalf of the defendant STATE and the defendant NYDEC, while within the scope and authority of his employment as a law enforcement officer with defendant NYDEC,* under the appearance of operating a lawful and legitimate construction and demolition landfill facility on plaintiffs' property, in-

tentionally, negligently and recklessly targeted, caused, conducted, established, solicited, promoted and participated in and allowed a covert "sting" or "informant" or "information gathering" operation on plaintiffs' property, without plaintiffs' consent or knowledge, expressed or implied, as a "tool of law enforcement" so as to investigate the waste hauling industry.

¶ 17 The defendant, LLOYD F. WARD, ... *was an employee of the defendant STATE* as a senior investigator of the defendant [New York State Police].

¶ 18 At all times hereafter mentioned, the defendant LLOYD F. WARD, *while within the scope and authority of his employment as a law enforcement officer with defendant NYSP on behalf of defendants OCTF and NYDEC,* was an informant working for the defendant STATE and assigned to defendant NYDEC and was a participant, solicitor and operator of the construction and demolition landfill facility on plaintiffs' property without plaintiffs' consent or knowledge, expressed or implied.

(emphasis added). These allegations in the amended complaint make plain that Bubenicek and Ward have been sued in their official capacities only, without seeking to hold them individually responsible for the actions they are alleged to have taken on the Prisco property. Accordingly, Bubenicek and Ward are sued solely in their official capacities, and the conflict plaintiffs rely on for their disqualification motion does not exist in the present action.

 Plaintiffs advance two other conflicts between the state departmental defendants and Bubenicek and Ward that require disqualification of the Attorney General's office in plaintiffs' view. First, plaintiffs assert that the Attorney General's office is privy to privileged information from Bubenicek and Ward stemming from the defense of an earlier action filed by the Priscos before the New York State Court of Claims. However, since only the State of New York can be a defendant in the Court of Claims, neither Bubenicek nor Ward could have been a defendant in that action in any capacity, and the Attorney General cannot have represented them or gained access to any privileged information thereby. Second, plaintiffs point out that the Attorney General is presently pursuing a criminal investigation against Bubenicek in Albany County, New York, concerning his activities on the Prisco property. Once again, however, the criminal investigation does not create a conflict here, since Bubenicek is not a defendant in his individual capacity in this action. In both the criminal investigation and in the instant action, the state seeks to show that Bubenicek was acting illegally and without sanction from the state. No conflict exists on these facts.[2]

Since Bubenicek and Ward are not defendants in the suit in their individual capacities, the fact that there is a conflict between them in their individual capacities and the position taken by the Attorney General's office in its representation of them in their official capacities is irrelevant. Should Bubenicek and Ward be joined as individual defendants, they will certainly need separate counsel. Absent their joinder as individuals, however, there is simply no conflict in this case, and no basis for disqualification. Plaintiffs' motion to disqualify the Attorney General's office from representing Bubenicek and Ward in this action is accordingly denied.

## II. STATE'S MOTION FOR SUMMARY JUDGMENT

The state has moved for summary judgment on the issue of its liability for any of the environmental damage caused by the landfill on the Prisco site. To prevail on such a motion, the moving party must establish that "there is no genuine issue as to

**2.** Plaintiffs also cite to an affidavit that Bubenicek submitted in support of plaintiffs' motion to disqualify the Attorney General's office. However, since Bubenicek has submitted the affidavit in his individual capacity, and since he is not a defendant in this suit in that capacity, the affidavit is simply irrelevant to the issues to be decided. The court also notes that Bubenicek has retained separate counsel to represent him in this action, but that his separate counsel has never filed an appearance with the court.

any material fact and that [it] is entitled to judgment as a matter of law." Rule 56(c), F.R.Civ.P. The court is not to "determine the truth of the matter but to determine whether there is a genuine [factual] issue" which must be reserved for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). All evidence submitted must be viewed in the light most favorable to the party opposing the motion, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), and the court must resolve all doubts, ambiguities and inferences in the non-movant's favor. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962). Further, "[n]ot only must there be no genuine issue as to the evidentiary facts, but there must also be no controversy regarding the inferences to be drawn from them." *Donahue v. Windsor Locks Bd. of Fire Comm'rs,* 834 F.2d 54, 57 (2d Cir.1987).

The state argues that even if Bubenicek and Ward in fact operated the Prisco landfill, they did so in their individual rather than their official capacities, and that the state therefore cannot be liable for any resulting damages. In support of this argument the state has presented extensive affidavit evidence that Bubenicek and Ward's superiors never authorized their operation of the Prisco site, and that the official policies of NYDEC and the other state agency defendants require explicit authorization before an agency employee may operate a landfill facility or conduct an investigative operation.

 The state is correct as a general matter that the status in which Bubenicek and Ward operated the Prisco site will determine state liability in this case. If they were acting as state officers, the state may be liable. If, on the other hand, Bubenicek and Ward's acts did not have the imprimatur of state authority, then the state cannot be held accountable for the damages they caused. *See Dunton, supra,* 729 F.2d 903. Determining whether the actions Bubeni-

cek and Ward took are attributable to the state, however, requires analysis of several theories of secondary liability, including respondeat superior, actual and apparent authority, and ratification of the acts of an agent.[3] Without addressing the viability of the respondeat superior or actual and apparent authority theories of liability, the court notes that disputed issues remain that are material to the ratification theory. Accordingly, the state's motion for summary judgment must be denied.

 Ratification is the express or implied adoption of acts of another by one for whom the other assumes to be acting but without authority. *Holm v. C.M.P. Sheet Metal, Inc.,* 89 A.D.2d 229, 455 N.Y.S.2d 429, 432 (4th Dep't 1982); *see also Skyline Agency, Inc. v. Ambrose Coppotelli, Inc.,* 117 A.D.2d 135, 502 N.Y.S.2d 479, 489 (2d Dep't 1986). Ratification of the acts of an agent only occurs where the principal has full knowledge of all material facts and takes some action to affirm the agent's actions. *Holm, supra,* 455 N.Y.S.2d at 432; *Bernstein on behalf of Comm'r of Banking and Ins. v. Centaur Ins. Co.,* 644 F.Supp. 1361 (S.D.N.Y.1986). Accordingly, a principal may ratify and thereby become liable for the acts of an agent even if those acts were initially unauthorized. In this case, the evidence reveals a dispute as to whether the state kept the Prisco site open for a period of time despite a request by the local NYDEC office that it be closed for environmental violations. Bubenicek sought department intervention to keep the Prisco site open because it was useful to the state as an informant facility, and he may have succeeded. *Compare* Deposition of Richard A. Gardineer, Sept. 19, 1989, at 44 (stating that Bubenicek's request to keep the site open was denied); *with* Deposition of Richard A. Gardineer, July 9, 1991, at 126 (stating that Prisco site was kept open for several weeks over Gardineer's objection). If the state authorities decided, after being given full information about the environmental violations at the Prisco site, to keep it open in order to maintain an informant site, the state may

---

**3.** Plaintiffs have not clarified which, if any, of these theories they are pursuing.

have ratified the unauthorized acts of Bubenicek and Ward, even if those acts are not imputable to the state through the doctrines of apparent authority or respondeat superior. Having ratified the acts, the state would be liable for the resulting damages.

 The evidence also reveals disputed facts relevant to a second theory of ratification. Bubenicek allegedly told other state employees that the Prisco site was a sting operation or informant site, *see, e.g.,* deposition of Judith Ferry, Sept. 19, 1989, at 16–17, and that the state was gaining valuable information on the illegal activities of the hazardous waste hauling industry through operation of the site. *See* Declaration of George Bradlau, Dec. 17, 1991, ¶¶ 3, 4 (acknowledging that OCTF knew that Bubenicek was in contact with the Prisco site and that NYDEC was receiving information from the site); Deposition of Warren Reiss, Sept. 6, 1989, at 32–34 (stating that NYDEC was involved in using the Prisco site for gathering information about the waste hauling industry). If the state was actually receiving such information through operation of the Prisco site, the state may have knowingly benefited from the acts of its agents Bubenicek and Ward, and may thereby have ratified those acts. *See Hewett v. Marine Midland Bank of Southeastern New York, N.A.,* 86 A.D.2d 263, 449 N.Y.S.2d 745 (2d Dep't 1982) ("If the principal accepts the benefits of its agent's misdeeds, with actual or imputed knowledge, it ratifies the agent's action."); *see also Marine Midland Bank v. John E. Russo Produce Co.,* 50 N.Y.2d 31, 44, 427 N.Y.S.2d 961, 968, 405 N.E.2d 205, 211 (1980); *H/R Stone, Inc. v. Phoenix Business Systems, Inc.,* 660 F.Supp. 351, 358 n. 3 (S.D.N.Y.1987) (Walker, J.); *Abraham Zion Corp. v. Lebow,* 593 F.Supp. 551, 566 (S.D.N.Y.1984) (Motley, J.). Having ratified the actions of Bubenicek and Ward, the state would be liable for the damages resulting to the Prisco site.

Since disputed issues remain that are material at least to this ratification theory of state liability, the state defendants' motion for summary judgment must be denied. Rule 56, F.R.Civ.P.

### III. CONCLUSION

In accordance with the reasoning set forth above, the plaintiffs' motion to disqualify the Attorney General's office is denied, and the summary judgment motion of the state defendants is denied.

IT IS SO ORDERED.