**Philip C. BROWN, Plaintiff,**

v.

**PEOPLES SECURITY INS., Defendant.**

**Civ. A. No. 94–4544.**

United States District Court,
E.D. Pennsylvania.

Oct. 13, 1994.

---

Philip C. Brown, pro se.

Kevin R. McNulty, German, Gallagher & Murtagh, Philadelphia, PA, for defendant.

### MEMORANDUM

HUYETT, District Judge.

Upon consideration of Peoples Security Insurance Co.'s ("Defendant's") motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Plaintiff's answer thereto, Defendant's motion is **DENIED.**

Philip C. and Rosalie A. Brown ("Plaintiffs") filed a pro se complaint that, construed liberally, appears to set forth claims based on breach of contract, negligent or intentional infliction of emotional distress, and loss of consortium.

When deciding a motion to dismiss a complaint, courts take as true all factual allegations in the complaint and all inferences that reasonably can be drawn from them. *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir.1988); *Bolden v. Niagara Fire Ins. Co.,* 814 F.Supp. 444, 448 (E.D.Pa.), *aff'd without op.,* 8 F.3d 810 (3d Cir.1993). A court may dismiss a complaint only if it appears beyond doubt that the plaintiff can prove no facts which would justify relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Ransom,* 848 F.2d at 410; *Bolden,* 814 F.Supp. at 448.

Rule 8(a) of the Federal Rules of Civil Procedure requires that "[a] pleading which sets forth a claim for relief . . . contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Rule 8(a) imposes no requirement that the pleading state facts sufficient to constitute a cause of action. *Schaedler v. Reading Eagle Publication, Inc.*, 370 F.2d 795, 798 (3d Cir.1967); *Doe v. Kohn Nast & Graf*, No. CIV.A. 93–4510, 1994 WL 517989, at *3 (E.D.Pa. Sept. 20, 1994).

Rule 8(f) of the Federal Rules directs courts to construe pleadings so as to do substantial justice. A pro se complaint is held to an even less stringent standard than formal pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 175–76, 66 L.Ed.2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972). When the plaintiff is a pro se litigant, a court has a special obligation to construe the complaint liberally. *Zilich v. Lucht*, 981 F.2d 694 (3d Cir.1992).

In light of the liberal pleading standards articulated by the Federal Rules and the courts, Plaintiffs' complaint provides fair notice to Defendant of the nature and basis of the asserted claims and a general indication of the type of litigation involved. *Continental Collieries, Inc. v. Shober*, 130 F.2d 631, 635 (3d Cir.1942); *Linker v. Custom–Bilt Machinery, Inc.*, 594 F.Supp. 894 (E.D.Pa.1984).

Although Plaintiffs failed to name Mrs. Brown as a party in the caption of the complaint, the caption is usually not considered a part of the pleader's statement of claim and is not determinative as to the parties to the action. *Prisco v. State of New York*, 804 F.Supp. 518, 521 (S.D.N.Y.1992). Before dismissing a pro se complaint a court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 321, 121 L.Ed.2d 242 (1992). Defendant's motion to dismiss Mrs. Brown's claim for failure to comply with the technical requirements of Rule 10 is DENIED. Defendant's motion to dismiss the entire complaint for failure to state a claim for which relief can be granted is also DENIED. Plaintiffs may file a motion to amend the caption pursuant to Rule 15 of the Federal Rules.