# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1200**
**CA 14-02173**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

YONGMI ODDO AND SALVATORE ODDO,
PLAINTIFFS-RESPONDENTS,

V                                                                        MEMORANDUM AND ORDER

ALC OF WILLIAMSVILLE, LLC, AND SUCHITRA
KONERU, M.D., DEFENDANTS-APPELLANTS.
(APPEAL NO. 2.)

---

COLUCCI & GALLAHER, P.C., BUFFALO (MARYLOU K. ROSHIA OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

STAMM LAW FIRM, WILLIAMSVILLE, MAGAVERN MAGAVERN GRIMM LLP, BUFFALO
(EDWARD J. MARKARIAN OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Jeremiah J. Moriarty, III, J.), entered June 25, 2014. The judgment, among other things, awarded plaintiff Yongmi Oddo money damages as against defendants.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Yongmi Oddo (plaintiff) during a laser hair removal procedure at defendant ALC of Williamsville, LLC (ALC). At the time of the procedure, Suchitra Koneru, M.D. (defendant), was a joint owner and vice-president of ALC, and she was employed as its medical director. She was not present during the procedure, which was performed by an ALC technician. In their amended complaint, plaintiffs alleged, inter alia, negligence and medical malpractice against defendant.

Contrary to the contention of defendants, we conclude that Supreme Court properly granted plaintiffs' motion for a directed verdict on the issue of defendant's vicarious liability for the negligence of the technician. The evidence at trial established that defendant, in her capacity as medical director of ALC, was responsible for training the technicians, specifically with respect to the settings on the laser, and for supervising the laser procedures. The evidence further established that plaintiff suffered serious burns during the procedure because the setting on the laser was not appropriate for her. The court properly concluded that "there was no rational process by which the fact trier could base a finding in favor

of [defendant]" on the issue of defendant's vicarious liability (*West v Hogan*, 88 AD3d 1247, 1248, *affd* 19 NY3d 1073 [internal quotation marks omitted]). "In [her] capacity of employee and supervisor, [defendant was] subject to liability for the acts of a fellow employee where, under the circumstances, there [was] an unreasonable risk of physical harm to others" (*Yaniv v Taub*, 256 AD2d 273, 274-275 [internal quotation marks omitted]).

Defendants' further contention that plaintiffs failed to plead a theory of vicarious liability against defendant is belied by the record on appeal. "A complaint is deemed to allege whatever can be implied from its statements by fair and reasonable intendment" and, here, the amended complaint may be fairly interpreted to allege a theory of vicarious liability against defendant (*Tuffley v City of Syracuse*, 82 AD2d 110, 113). "Moreover, a court will look to the bill of particulars when determining the sufficiency of a complaint," and plaintiffs' bill of particulars expressly states that plaintiffs' allegations against defendant include a theory of vicarious liability (*id.*).

Entered:  November 20, 2015 Frances E. Cafarell
Clerk of the Court