Fabes v Balish (2025 NY Slip Op 50500(U))

[*1]

Fabes v Balish

2025 NY Slip Op 50500(U)

Decided on April 4, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 4, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LISA S. OTTLEY, JJ

2023-1038 RI C

Ruth Diamond Fabes, Appellant,
against
Seth Balish, D.D.S., Defendant, and Isaac Friedman, D.D.S 
 and Balish & Friedman, D.D.S., Respondents. 

Jordan R. Pine & Associates (James L. Lufty of counsel), for appellant.
Kutner, Corrado & Friedrich, LLP (John P. Krajewski of counsel), for respondents.

Appeal from an order of the Civil Court of the City of New York, Richmond County (Robert J. Helbock, Jr., J.), entered September 8, 2023. The order, insofar as appealed from as limited by the brief, denied the branches of plaintiff's motion seeking to vacate so much of the Civil Court's sua sponte order as dismissed the complaint as against defendant Balish & Friedman, D.D.S., and to amend the judgment to add defendant Balish & Friedman, D.D.S. as a judgment debtor.

ORDERED that the order, insofar as appealed from, is reversed, without costs, the branches of plaintiff's motion seeking to vacate so much of the Civil Court's sua sponte order as dismissed the complaint as against defendant Balish & Friedman, D.D.S., and to amend the judgment to add defendant Balish & Friedman, D.D.S. as a judgment debtor are granted, and the matter is remitted to the Civil Court for the entry of an amended judgment against defendants Seth Balish, D.D.S. and Balish & Friedman, D.D.S. in the principal sum of $1,508,631, in accordance with this decision and order.
Plaintiff originally brought this action in 2018 in the Supreme Court, Richmond County, against defendant Seth Balish, D.D.S., alleging dental malpractice. In 2019, the complaint was amended to add Isaac Friedman, D.D.S. and Balish & Friedman, D.D.S. (the defendant partnership) as defendants, and, in addition, plaintiff brought a separate action in the Supreme Court, Richmond County (the 2019 action), against all three defendants. The amended complaint [*2]and the complaint in the 2019 action each stated causes of action for dental malpractice and lack of informed consent against all the defendants. In separate orders entered in the Supreme Court, Richmond County, on October 18, 2019 (Judith N. McMahon, J.), the two Supreme Court actions were consolidated and plaintiff's motion for the entry of a default judgment against defendant Seth Balish, D.D.S. was granted, with an inquest as to damages to take place at the time of trial. The consolidated action was subsequently removed to the Civil Court, Richmond County, pursuant to CPLR 325 (d). 
Plaintiff provided an initial bill of particulars in August 2019. This was superseded by January 20, 2020 bills of particulars, which, as to both Dr. Friedman and the defendant partnership, alleged their joint and several liability "in tort for the negligent acts and/or omissions of their partner, SETH BALISH, D.D.S., pursuant to New York Partnership Law § 26." These bills of particulars were sufficient to allege joint and several liability as plaintiff's theory of recovery against Dr. Friedman and the defendant partnership (see Shanoff v Golyan, 139 AD3d 932, 934-935 [2016]; see also Oddo v ALC of Williamsville, LLC, 133 AD3d 1352, 1353 [2015]). Prior to the trial, in partial opposition to a motion plaintiff had made, defense counsel submitted an affirmation in which he confirmed that, at all relevant times, defendants Balish and Friedman had been general partners in the defendant partnership, and that Dr. Friedman and the defendant partnership were vicariously liable for the negligence of Balish. At the trial, Dr. Friedman testified that he had been in a partnership with Dr. Balish throughout the period of the alleged malpractice, which testimony was corroborated by copies of the defendant partnership's tax returns.
Following the trial, the Civil Court declined plaintiff's request to charge the jurors concerning the Partnership Law or the vicarious liability of general partners. The jurors returned a verdict sheet finding Dr. Balish 100% liable for plaintiff's damages, which it assessed at $1,508,631. Plaintiff thereafter submitted a proposed judgment for that sum against Dr. Balish and the defendant partnership only. Following a conference, the court, sua sponte, dismissed the action against Dr. Friedman and the defendant partnership. Insofar as is relevant to this appeal, plaintiff moved, pursuant to CPLR 5015 (a) and CPLR 4404 (a), for an order vacating the sua sponte dismissal against the defendant partnership and directing that judgment be entered against "defendants, as originally proposed."[FN1]
Dr. Friedman and the defendant partnership opposed the motion. In an order entered on September 8, 2023, the Civil Court (Robert J. Helbock, Jr., J.) denied plaintiff's motion upon findings, in effect, that there had been no evidence at trial of the status of the partnership, and that neither the amended complaint nor plaintiff's bills of particulars had alleged that the defendant partnership was vicariously liable for Dr. Balish's malpractice or had mentioned the partnership's liability pursuant to the Partnership Law. As limited by the brief, plaintiff appeals from that portion of the order. 
The Partnership Law establishes that, where any partner acting in the ordinary course of [*3]the business of the partnership commits a tort, the partnership is liable for such tort to the same extent as the partner who committed the tort (see Partnership Law § 24) and that all partners are jointly and severally liable for everything chargeable to the partnership under Partnership Law § 24 (see Partnership Law § 26; see also Zuckerman v Antenucci, 124 Misc 2d 971 [Sup Ct, Queens County 1984] [where a jury found one doctor guilty of medical malpractice, under Partnership Law §§ 24 and 26, the partnership and the doctor's partner were jointly and severally liable for the malpractice]). The 2020 amended bills of particulars articulated plaintiff's claim of joint and several liability against the defendant partnership, and specified Partnership Law § 26 as the basis for such liability. In its order, the Civil Court erroneously relied on a bill of particulars that had been superseded, failed to reference the superseding bills of particulars, and also ignored Dr. Friedman's admission that he had been a general partner with Dr. Balish in the defendant partnership during the period when Dr. Balish provided negligent dental treatment to plaintiff. Based upon the jury's finding that Dr. Balish was liable in tort to plaintiff, and the unrefuted evidence that Dr. Balish acted as a general partner in the defendant partnership when he performed the tortious acts that gave rise to liability, the branches of plaintiff's motion seeking to vacate the dismissal of so much of the complaint as was asserted against the defendant partnership and to add defendant Balish & Friedman, D.D.S. as a judgment debtor should have been granted.
Accordingly, the order, insofar as appealed from, is reversed, the branches of plaintiff's motion seeking to vacate so much of the Civil Court's sua sponte order as dismissed the complaint as against defendant Balish & Friedman, D.D.S., and to amend the judgment to add defendant Balish & Friedman, D.D.S. as a judgment debtor are granted, and the matter is remitted to the Civil Court for the entry of an amended judgment against defendants Seth Balish, D.D.S. and Balish & Friedman, D.D.S. in the principal sum of $1,508,631, in accordance with this decision and order.
TOUSSAINT, P.J., BUGGS and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 4, 2025

Footnotes

Footnote 1: Since the proposed judgment did not seek a recovery from defendant Friedman, we treat the motion as seeking to amend the judgment to add Balish & Friedman, D.D.S. as a judgment debtor.